# U. S. SUPREME COURT.

THE PEOPLE OF THE STATE OF NEW YORK *ex rel.* THE
NATIONAL BROADWAY BANK agt. DONNELLY *et al.* and
three other cases.

*Certificates of indebtedness*—issued by the United States government under the acts
of March 1 and 19, 1862, and *treasury notes* issued by said government, are
*exempted from state taxation.*

The principle of exemption is that states cannot control the national government
within the sphere of its constitutional power, for there it is supreme; and cannot
tax its obligations for payment of money issued for purposes within that range of
prowers, because such taxation necessarily implies the assertion of the right of
exercise of such control. (*This decision reverses the judgment of the court of appeals
of the state of New York in these cases.*)

*January* 18, 1869-

THESE are appeals from judgments of the court ot appeals
of the state of New York. The facts of the controversy are
briefly as follows: On the 30th of April, 1866, the legisla-
ature of New York passed an act directing the board of
supervisors of the country of New York to refund to any
bank such an amount of taxes. paid in 1863 and 1864 as was
imposed or. levied in respect to any portion of capital stock
invested in securities of the United States by law exempt
from taxation, and for this purpose to cause to be issued
county bonds for the amount of such claims, after they had
been audited and allowed by the board and approved by the
mayor and corporation counsel. The claims of such charac-
ter were audited and allowed and approved, as required; but
subsequently the objection was raised that such portion of
the capital stock of the banks taxed as was invested it certifi-
cates of indebtedness issued under the acts of March 1 and 19,
1862, or in treasury notes of the government, were not
exempt from state taxation, because such certificates of in-
debtedness and United States notes were not "securities of

the United States." This question was taken into the state courts and finally went to the court of appeals, where it was held that the certificates and notes in question were not exempt. From that decision appeal was taken to this court.

Mr. Chief Justice CHASE delivered the opinion of the court: It is clear that these notes and certificates are obligations of the United States. There is no solid distinction between certificates of indebtedness issued for money borrowed and certificates given directly to creditors in payment of their demands; and such certificates issued as a means of executing constitutional powers of the government, other than of borrowing money, are as much beyond the control and limitation by the states through taxation, as bonds or other obligations issued for loans of money. The principle of exemption is that the states cannot control the national government within the sphere of its constitutional power, for there it is supreme, and cannot tax its obligations for payment of money issued for purposes within that range of powers, because such taxation necessarily implies the assertion of the right of exercise of such control. The certificates of indebtedness in these cases are completely within the protection of this principle. The public history of the country and the acts of congress show that they were issued to creditors for supplies necessary to the government in carrying on the recent war for the preservation of the country. They were received instead of money at a time when full money payment for supplies was impossible, and are as much beyond the taxing power of the states as the operations themselves in furtherance of which they were issued. As to the treasury notes, the question involved in the case of the Bank of New York, they bind the national faith, and are, therefore, strictly securities. They secure to the holders the payment stipulated by the pledge of the national faith, the only ultimate security of all national obligations, whatever form they

may assume. The conclusion is that the notes are exempt, and that in respect to both the notes and certificates the judgment of the court of appeals must be reversed.